IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BASIT MIAN, on behalf of himself and all others similarly situated, | Civil Action No. |
| Plaintiff, | _____ cv _____ |
| v. | |
| PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, J.D. POWER, and MITCHELL INTERNATIONAL, INC., | |
| Defendants. | |

**<u>NOTICE OF REMOVAL</u>**

Defendant Progressive County Mutual Insurance Company ("Progressive County") removes this purported class action from the District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of the following facts, which show that this case may properly be removed to this Court:

1. Plaintiff Basit Mian ("Plaintiff") filed this case on November 11, 2019, in the District Court of Harris County, Texas, Case No. 201981932. *See* Plaintiff's Original Petition ("Petition"), Ex. B. Progressive County was served with the Citation and Petition on January 16, 2020. *See* Return of Service, Ex. C at 7-8.

2. In the Petition, Plaintiff alleges that Progressive County issued his automobile insurance policy, that he was in an automobile accident in April 2019, and that Progressive County determined that his vehicle was a total loss and "failed to properly value Plaintiff's Vehicle and

did not properly pay the Actual Cash Value which Progressive owed to Plaintiff." Pet. ¶¶ 18-19, 26.

3.      Plaintiff alleges that Progressive County failed to properly value his total loss vehicle based on Progressive County's use of a valuation system called WorkCenter Total Loss ("WCTL"), which was designed and built by Defendants J.D. Power ("J.D. Power") and Mitchell International, Inc. ("Mitchell"). *Id.* ¶¶ 22, 28-30, 43-44. Plaintiff contends that WCTL determined the "Base Value" of his total loss vehicle based on a "statistically invalid" methodology, and then adjusted that amount downward for the condition of his vehicle ("Condition Adjustment"). *Id.* ¶¶ 23-27, 29. Plaintiff also contends that the Condition Adjustment is "statistically invalid" and "deprived Plaintiff of $2,073.24." *Id.* ¶ 24.

4.      Plaintiff files this action on behalf of himself and a putative class of similarly situated individuals, including "[a]ll persons and entities that have made first-party claims since November 15, 2015 under an automobile insurance policy issued within the state of Texas by Progressive whose vehicles were declared a total loss by Progressive and were valued using the WCTL total loss valuation system." *Id.* ¶ 74.

5.      Plaintiff alleges that Progressive County, J.D. Power, and Mitchell "have engaged in a scheme to artificially deflate the value of first-party total loss claims in order to pay insureds less than the actual pre-loss cash value of their total loss vehicles," *id.* ¶ 14, and in so doing, have violated "Texas law, common law and their respective contractual obligations." *Id.* ¶ 15.

6.      Based on these allegations, Plaintiff asserts three claims against Progressive County: (Count I) breach of contract; (Count II) bad faith; and (Count V) civil conspiracy. *Id.* ¶¶ 90-103, 121-27. Plaintiff also asserts claims against J.D. Power and Mitchell for: (Count III) tortious interference with performance of a contract; (Count IV) breach of contract arising from

Plaintiff's status as third-party beneficiary of the agreement between J.D. Power/Mitchell and Progressive; and (Count V) civil conspiracy. *Id.* ¶¶ 104-127.

7.        The Petition seeks damages on behalf of Plaintiff and the purported class in the form of (i) "compensatory, consequential and incidental damages flowing from [Progressive County's alleged] breach of the Policy," *id.* ¶¶ 94-95; (ii) compensatory and punitive damages arising from Progressive County's allegedly "unreasonable, bad faith conduct," *id.* ¶¶ 102-03; (iii) compensatory and punitive damages "as a proximate result of Defendants' illicit agreement and conspiracy," *id.* ¶¶ 126-27; and (iv) "any other such damages, costs or attorneys' fees to which Plaintiff [and the class members] may be entitled under Texas law." *Id.* ¶¶ 102-03. Plaintiff also requests that the Court grant "injunctive relief to prohibit Progressive from continuing to utilize WCTL Valuations in Texas." *Id.* at 26, Prayer for Relief ¶ H.

8.        Based on the allegations of the Petition, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Progressive County has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**I.        PROGRESSIVE COUNTY HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

9.        Progressive County was served with the Citation and Petition on January 16, 2020. *See* Ex. C at 7-8. The time for Progressive County to file a written answer to the Petition has not yet expired. *See* Letter Agreement, Ex. D (extending deadline for Progressive County to respond to Petition to February 24, 2020).

10.        This Notice of Removal is timely, in accordance with 28 U.S.C. § 1441(b), as it is filed within 30 days after Progressive County was served with "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *see also*

*Murphy Bros., Inc. v. Michetti Pipestring, Inc.*, 56 U.S. 344, 347-48 (1999) (holding that the time to remove begins to run at service).

11.     As of the date of this removal, no additional pleadings have been filed, and no proceedings have occurred in the District Court of Harris County, Texas since Progressive County was served with the Petition. *See* Harris County Docket Sheet, Ex. E. Progressive County hereby reserves all rights to assert any and all defenses, including failure to state a claim upon which relief may be granted. Progressive County further reserves the right to amend or supplement this Notice of Removal.

12.     Progressive County is removing this case to the United States District Court for the Southern District of Texas, Houston Division, which is the "district and division embracing the place where [the] action is pending." *See* 28 U.S.C. § 1441(a).

13.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, "a copy of all process, pleadings, and orders," the state court docket sheet, and an index of the same are attached. *See* Index of Matters Being Filed, Ex. A; Petition, Ex. B; Executed Process, Ex. C; Harris County Docket Sheet, Ex. E.

14.     Pursuant to Local Rule 81, a list of all counsel of record and their addresses, telephone numbers, and parties represented is also attached. *See* List of Counsel of Record, Ex. F.

15.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the District Court of Harris County, Texas.

**II.     REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).**

16.     The Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of Title 28 of the United States Code) ("CAFA").

17.     As set forth below, this is a putative class action in which: (1) there are at least 100 members of the alleged class; (2) at least one member of the proposed class is a citizen of a state different than at least one defendant (*i.e.*, "minimal diversity" exists); and (3) based on the allegations in the Petition and the Declaration of Michael D. Silver, the putative class members' claims put in controversy in excess of $5 million, exclusive of interests and costs. Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d), and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A.     *The Putative Class Consists of More Than 100 Members.*

18.     The putative class consists of "[a]ll persons and entities that have made first-party claims since November 15, 2015 under an automobile insurance policy issued within the State of Texas by Progressive whose vehicles were declared a total loss by Progressive and were valued using the WCTL total loss valuation system." Pet. ¶ 74.

19.     Plaintiff alleges that the putative class "is estimated to comprise many thousands of people who have sustained total losses to their vehicles while insured by Progressive." *Id.* ¶ 80.

20.     Accordingly, based on Plaintiff's allegations alone, this case meets the requirement under CAFA that the purported class consist of more than 100 members.

21.     Progressive County's investigation of reasonably available data also shows that from November 15, 2015 to December 2019, it has settled approximately 155,236 first-party total loss claims under Texas automobile insurance policies using WCTL. *See* Declaration of Michael D. Silver ("Silver Decl."), Ex. G ¶ 3.

22.     Accordingly, the aggregate number of alleged class members is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.      *Minimal Diversity Exists.***

23.      Under CAFA, only minimal diversity is required to confer original federal jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district court shall have original jurisdiction of any civil action . . . [which] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."). This element is satisfied here.

24.      Plaintiff alleges that Defendant J.D. Power "is incorporated under the laws of the state of Delaware and has its principal place of business in Westlake, California," and that Defendant Mitchell is incorporated under the laws of the state of Delaware and has its principal place of business in San Diego, California. Pet. ¶¶ 6-7.

25.      Plaintiff alleges that he is a citizen of Texas, and Plaintiff seeks to represent a "class of all other persons similarly situated in the state of Texas." *Id.* ¶¶ 2-3.

26.      Thus, there is minimal diversity here, as Plaintiff is a citizen of Texas, and J.D. Power and Mitchell are citizens of Delaware and California. 28 U.S.C. § 1332(d)(2)(A).

**C.      *The Amount in Controversy Exceeds $5 Million.***

27.      Under CAFA, federal district courts have original jurisdiction where, among other things, the "matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2).

28.      To meet this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

29.    Based on Plaintiff's allegations and prayer for relief, the $5,000,000 amount in controversy requirement is satisfied here.

30.    Plaintiff alleges that Progressive County "substantially and improperly understated" the Actual Cash Value of his vehicle. Pet. ¶ 25. He further alleges that Progressive County "wrongly deprived [him] of $2,073.24 based upon the downward Condition Adjustment" applied to his total loss vehicle. *Id.* ¶ 24.

31.    Plaintiff alleges that his "claims are typical of the claims of the Texas Class members," *id.* ¶ 82, that "[t]he great majority of WCTL Reports include a downward Condition Adjustment," *id.* ¶ 23, that "all such downward Condition Adjustments are improper in all respects and should be disregarded in properly valuing a Progressive insured's total loss vehicle," *id.* ¶ 39, and that as a result of the "statistically invalid WCTL Reports," Progressive County has "materially underpaid the total loss claims" of the class members. *Id.* ¶ 27.

32.    Assuming, as Plaintiff alleges, that his claims are typical of the claims of the class members, the amount of compensatory damages in controversy due to Condition Adjustments would equal **$321,841,484.64** ($2,073.24 x 155,236). This, alone, is sufficient to satisfy CAFA's amount in controversy requirement.

33.    In addition, Plaintiff also alleges that "the Base Value from which the Condition Adjustment amount was deducted . . . is substantially and improperly understated," *id.* ¶ 25, and that insureds are "den[ied] . . . a proper cash value amount sufficient . . . to purchase a comparable replacement vehicle," *id.* ¶ 37. While Plaintiff does not attempt to quantify the purportedly "substantial" difference, the dollar amount of this difference factored by the approximately 155,236 putative class members would drastically increase the total amount placed in controversy.

34.     Finally, Plaintiff alleges that "Progressive has retained significant funds in the millions of dollars by underpaying Plaintiff and Class Members for the value of their total loss vehicles." *Id*. ¶ 40. Assuming millions means more than $2 million, this, too, indicates that the amount in controversy exceeds CAFA's $5 million requirement—as this estimate does not include consequential or punitive damages, attorneys' fees, or injunctive relief, all of which Plaintiff also seeks in the Petition. *See supra* ¶ 8.

35.     In sum, the factual allegations in the Petition regarding the damages Plaintiff seeks on behalf of the purported class demonstrate that CAFA's amount in controversy requirement is satisfied here.

**III.     CONCLUSION**

36.     For all the reasons stated above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

WHEREFORE, Progressive County respectfully requests that this action be removed from the District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453(b).

This 17th day of February, 2020.

/s/ Jeremiah J. Anderson
Jeremiah J. Anderson
Attorney-in-Charge
Texas Bar No. 24040432
KING & SPALDING LLP
1100 Louisiana Street
Suite 4000
Houston, TX 77002
P: (713) 276-7417
F: (713) 751-3290
jjanderson@kslaw.com

Jeffrey S. Cashdan*
Zachary A. McEntyre*
KING & SPALDING LLP
1180 Peachtree St. NE
Atlanta, Georgia 30309
P: (404) 572-4600
F: (404) 572-5140
jcashdan@kslaw.com
zmcentyre@kslaw.com

Julia C. Barrett*
Texas Bar No. 24116075
KING & SPALDING LLP
500 W. 2nd Street
Suite 1800
Austin, Texas 78701
P: (512) 457-2000
F: (512) 457-2100
jbarrett@kslaw.com

*Counsel for Defendant Progressive County
Mutual Insurance Company*

\*_Pro hac vice_ motions forthcoming

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 17, 2020, I served a copy of the foregoing NOTICE OF

REMOVAL on counsel for all parties via U.S. Mail and Email at the following addresses.


Barbara J. Gardner
Gardner Employment Law
2100 West Loop South #1125
Houston, TX 77027
barbara@gardneremploymentlaw.com

Jonathan H. Waller
Waller Law Office, PC
2001 Park Place, Suite 900
Birmingham, AL 35203
jwaller@waller-law.com

Jonathan B. Cohen
John A Yanchunis
Morgan & Morgan
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
jcohen@forthepeople.com
jyanchunis@forthepeople.com

***Attorneys for Plaintiff Basit Mian***

Gavin E. Hill
Dykema Gossett PLLC
1717 Main Street, Suite 4200
Dallas, TX 75201
ghill@dykema.com

***Attorney for Defendants J.D. Power &
Associates and Mitchell International, Inc.***


*/s/ Jeremiah J. Anderson*
Jeremiah J. Anderson
Attorney-in-Charge